# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| EUGENE JEROME CUNNINGHAM, | ) <br> ) CIVIL ACTION NO. 9:16-2847-RMG-BM <br> ) <br> ) |
| Petitioner, | ) <br> ) |
| v. | ) **REPORT AND RECOMMENDATION** <br> ) |
| UNITED STATES PAROLE COMMISSION and THE WARDEN, FCI BENNETTSVILLE, | ) <br> ) <br> ) <br> ) <br> ) |
| Respondent. | ) <br> ) |

This action was filed by the Petitioner, pro se, pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at the Federal Correctional Institution ("FCI") in Bennettsville, South Carolina.

Respondent filed a motion for summary judgment on November 14, 2016. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on November 15, 2016, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

After Respondent's motion for summary judgment was filed, Petitioner filed a motion for discovery, which was denied. Petitioner appealed the order denying discovery, which was also



1

denied. Petitioner was then ordered to respond to the pending motion for summary judgment by March 23, 2017. Petitioner thereafter filed a response in opposition to the motion on March 14, 2017.

This matter is now before the Court for disposition.[1]

### Background

The evidence before the Court shows that Petitioner is serving an aggregate sentence, composed of both District of Columbia Code and federal sentences, of 45 years to life plus 36 years. See Respondent's Exhibit 2, p. 1 (remarks) [Court Docket No. 14-2, p. 1]. The component sentences are set out as follows: Petitioner was sentenced by the United States District Court for the District of Columbia on February 20, 1973, to a 5 to 15 year term of imprisonment for a violation of DC ST § 22-2801 (Carnal Knowledge). See Exhibit 1 [Court Docket No. 14-1, p. 1]. Thereafter, on March 23, 1973, Petitioner was sentenced to consecutive sentences for forty(40) years to life imprisonment with a mandatory minimum of forty (40) years for 2 counts of Murder in violation of DC ST ¶ 22-2401 and Armed Robbery in violation of DC ST § 22-3202 and 2901. See Exhibit 1 [Court Docket No. 14-1, p. 2]. Petitioner was then sentenced on June 15, 1973, to a 1 year consecutive term of imprisonment by the United States District Court for the Eastern District of Virginia for Escape in violation of 18 U.S.C. § 751(a).[2]

Petitioner was also sentenced on February 15, 1974, by the United States District Court for the Eastern District of Virginia to twenty (20) years for Escape (in violation of 18 U.S.C.

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]This exhibit does not appear to be in the record, but this sentence is not in dispute.

2



§ 751), Assault on a Correctional Officer (in violation of DC ST § 22-505 & 18 U.S.C. § 2), Interstate Transportation of Stolen Motor Vehicles (in violation of 18 U.S.C. § 2312), Carrying a Firearm During the Commission of a Felony (in violation of 18 U.S.C. 924(c)(2)), and Transportation of Stolen Firearms (in violation of 18 U.S.C. § 922(I) and (924(a)). See Exhibit 1 [Court Docket No. 14-1, p. 3]. Petitioner was next sentenced on March 19, 1974, to a three (3) year consecutive term of imprisonment by the United States District Court for the District of Columbia for Assault and Interfering with a Federal Officer in violation of 18 U.S.C. § 111. See Exhibit 1 [Court Docket No. 14-1, p. 4]. On July 11, 1975, Petitioner was sentenced to a consecutive twelve (12) year term of imprisonment by the United States District Court for the Eastern District of Virginia for Assault on a Correctional Officer with a Dangerous Weapon in violation of DC ST § 22-505(b). See Exhibit 1 [Court Docket No. 14-1, p. 5]. Petitioner was then sentenced on October 8, 1975, to a term of 6 months imprisonment by the District of Columbia Superior Court for Simple Assault. See Exhibit 1 [Court Docket No. 14-1, p. 6].

The United States Parole Commission (the "Commission") conducted a parole hearing for Petitioner on February 1, 2016. Since the Commission deemed Petitioner to have completed his federal time, it considered his case under the D.C. parole guidelines. The Commission calculated Petitioner's "grid score" as +4 points, which under D.C. parole guidelines indicates that parole should be denied. The Commission therefore denied parole on February 1, 2016, and informed Petitioner of the denial by notice of action dated March 17, 2016. See Respondent's Exhibit 4 [Court Docket No. 14-4]. Petitioner attempted to appeal the denial. See Respondent's Exhibit 5 [Court Docket No. 14-5]. However, since decisions of the Commission are not administratively appealable, the Commission construed his appeal as a request to reopen his case. See Respondent's Exhibits 6 and



7 [Court Docket Nos. 14-6, 14-7]. That request was denied on August 29, 2016. Id.

In the interim, Petitioner filed this federal habeas petition raising the following grounds for relief:

**Ground One**: The Commission abused its discretion by denying parole because he did not complete a "sexually dangerous person civil commitment program" and made such a condition a prerequisite at future parole hearings;

**Ground Two**: The Commission's use of the 1987 "point score" guidelines of the D.C. Board of Parole, rather than the 1972 regulation in effect when he committed his crime, violates the ex post facto clause of the U.S. Constitution;

**Ground Three:** Neither the 1987 guidelines nor the 1972 regulation permit departure from the guidelines, and that he should have been scheduled for a rehearing in 12 months; and

**Ground Four:** The Commission abused its discretion by relying on the offenses' underlying sentences that he claims are completely served.

See Petition, pp. 8-9; see also Attachments to the Petition.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a *pro se* litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services,



901 F.2d 387 (4th Cir. 1990). Such is the case here.

> At one time, there existed a "Board of Parole .... for the penal and correctional institutions of the District of Columbia," D.C. Code § 24–401.01(a) (2001), which determined an offender's suitability for parole. In 1997, Congress overhauled the District of Columbia's government, including the parole system through the National Capital Revitalization and Self–Government Improvement Act of 1997, Pub.L. No. 105–33, § 11231(a)(1), 111 Stat. 712, 745, D.C. Code § 24–1231(a)("Revitalization Act."). The Revitalization Act abolished the D.C. Board of Parole, and the USPC obtained jurisdiction of D.C. Code offenders to grant and deny parole. Accordingly, since August 5, 1998, the USPC has conducted the hearings and decided the requests for parole of all persons convicted of violating the D.C. Code.[3] Prior to that date, the D.C. Parole Board conducted the parole hearings for D.C. Code offenders, applying guidelines it formally adopted in 1985, and published in the District of Columbia Municipal Regulations in 1987 ("1987 Regulations"). Upon assuming the D.C. Board's jurisdiction, the USPC began a process of revising the regulations for determining D.C. Code offenders' suitability for parole. See Sellmon [v. Reilly], 551 F.Supp.2d [66], 72–73 [(D.D.C. May 5, 2008)] (discussing revisions).

Clark v. Deboo, No. 11-105, 2012 WL 1987158, at *4 (N.D.W. Va. Jan. 30, 2012), report and recommendation adopted, No. 11-105, 2012 WL 1987141 (N.D.W. Va. June 4, 2012).

Because prisoners have no constitutional right to parole, any such interest in this case must be derived from District of Columbia law. See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7, (1979). However, "[c]ourts have consistently held that the D.C. parole statute, which applies to D.C. Code offenders even after they [are] transferred to the jurisdiction of the USPC, does not create any liberty interest in parole." Clark, 2012 WL 1987158, at * 8 (citing *See*, *e.g.* McRae v. Hyman, 667 A.2d 1356 (D.C. 1995)[The District's parole scheme confers discretion to grant or deny parole and the scoring system creates no liberty interest in overriding the exercise of that discretion]); Ellis v. District of Columbia, 84 F.3d 1413 (D.C.Cir. 1996)[D.C. parole statute and regulations do not create any liberty interest in parole]; Gibson v.

---

[3]Effective August 5, 2000, the USPC also was given the responsibility of supervising parolees and revoking parole. § 11231(a)(2) of the Act codified at D.C.Code § 24-131(a)(2).



Stewart, 15-3304, 2016 WL 1460489, at * 2 (D.Md. Apr. 14, 2016), *appeal dismissed*, 2016 WL 5752913 (4th Cir. Oct. 4, 2016)["Many federal courts, addressing D.C. Code offenders, have agreed that the D.C. parole system does not create a constitutionally protected liberty interest in parole."](supporting citations omitted).

Pursuant to D.C. Code 24-131(c), "[t]he Parole Commission shall exercise the authority vested in it by this section pursuant to the parole laws and regulations of the District of Columbia . . . . "] The statutory standard for parole release is as follows:

> Whenever it shall appear to the United States Parole Commission ("Commission") that there is a reasonable probability that a prisoner will live and remain at liberty without violating the law, that his or her release is not incompatible with the welfare of society, and that he or she has served the minimum sentence imposed or the prescribed portion of his sentence, as the case may be, the Commission **may** authorize his or her release on parole upon such terms and conditions as the Commission shall from time to time prescribe.

D.C. Code § 24-404(a)(formerly § 204(a))[Emphasis added].

## I.

In Ground One, Petitioner contends that the Commission abused its discretion by denying him parole because he did not complete a "sexually dangerous person civil commitment program." However, Petitioner has made no showing that the Commission was required to authorize his release on parole. As the Respondent points out, it is the well-settled law of the District of Columbia that parole decisions made pursuant to the District's parole statute are not reviewable on the merits. *E.g.,* Stevens v. Quick, 678 A.2d 28, 31 (D.C.App. 1996)[Court does not review the merits of decision by USPC to deny parole under District's parole regulations, but only whether the petitioner was deprived of his legal rights by the manner in which the hearing was conducted]; Bennett v. Ridley, 633 A.2d 824, 826 (D.C.App. 1993)["On a petition for writ of habeas corpus, this



court does not review the merits of the [D.C. Parole] Board's decision [to revoke parole], but only whether the petitioner has been deprived of his legal rights by the manner in which the revocation hearing was conducted, in order to determine whether there has been an abuse of discretion."]; Smith v. Quick, 680 A.2d 396, 398 (D.C.App. 1996)["We do not review the merits of the Board's decision in denying parole, and are limited to a review of the procedures used by the Board in reaching its decision].

Since the relevant statute, D.C. Code § 24-404, has discretionary language regarding whether there is a reasonable probability that the prisoner will not violate the law and whether his release is "incompatible with the welfare of society", and which further provides only that a prisoner **may** released, there is no mandatory set of facts, if shown, that require Petitioner's release in this case. Ellis, 84 F.3d at 1420. Petitioner also has not shown that the Commission's decision was "either totally lacking in evidentiary support or [was] so irrational as to be fundamentally unfair." See Johnson v. Reilly, 734 F.Supp.2d 26 (D.D.C. 2010)(quoting Rockingham v. U.S. Parole Commission, 523 F.Supp.2d 38, 42 (D.D.C. 2007), quoting Singletary v. Reilly, 452 F.3d 868, 872 (D.C.Cir. 2006). The Commission is not requiring Petitioner to civilly commit himself as a sexually dangerous person. Rather, the Commission is requesting that he participate in a sex offender treatment program, or other program that will address his risk of reoffending if released to the community. See Respondent's Exhibit 4 [Court Docket No. 14-4].

"It has been recognized that sex offender programs serve valid rehabilitative purposes." Bailey v. Fullwood, No. 11-435, 2012 WL 5928302, at * 8 (M.D.Penn. Nov. 26, 2012)(citing McKune v. Lile, 536 U.S. 24, 48 (2002)). Here, Petitioner's offenses include carnal knowledge (involving a sexual assault of a 12-year old girl). See Respondent's Exhibit 1 [Court

7



Docket No. 14-1, p. 1]. Petitioner has not shown that he is entitled to habeas relief because the Commission requested that he complete a sex offender treatment program under the facts of this case. See Bailey, 2012 WL 5928302, at * 8; cf. Pettigrew v. Humphreys, No. 10-20, 2010 WL 1790442 at * 1 (E.D.Wis. Apr. 30, 2010)[Dismissing habeas petition where Wisconsin Parole Commission denied parole because petitioner had not completed a recommended sex offender treatment program]; Redmond v. Warden, No. 15-141, 2016 WL 4275649 at * 5 (E.D.Ky. Aug. 12, 2016)[Finding it to be permissible and appropriate for Commission to consider whether an inmate has completed a specific program indicative of his rehabilitation](citing Pleaze v. Klum, 335 Fed.Appx. 168 (3d Cir. 2009)).

Therefore, Ground One of the Petition is without merit and should be dismissed.

**II.**

In Ground Two, Petitioner contends that the use of the 1987 "point score" guidelines of the D.C. Board of Parole, rather than the 1972 regulation in effect when he committed the crime, is an *ex post facto* violation because these guidelines were not in place at the time of his conviction. "[A]ny statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with [a] crime of any defense available according to law at the time when the act was committed, is prohibited as *ex post facto*." Collins v. Youngblood, 497 U.S. 37, 42 (1990) (quoting Beazell v. Ohio, 269 U.S. 167, 169-170 (1925)). Further, "[r]etroactive changes in law governing parole of prisoners, in some instances, may be violative of this precept." Garner v. Jones, 529 U.S. 244, 250 (2000)(citing Lynce v. Mathis, 519 U.S. 433, 445-446 (1997)(internal citations omitted)).



However, if the change does not by its terms show a significant risk of increased punishment, the Petitioner must show that it "will result in a longer period of incarceration" from evidence drawn from the rule's practical implementation. Garner, 529 U.S. at 255. This is a "rigorous analysis of the level of risk created by the change in law," with the focus "not on whether a legislative change produces some ambiguous sort of 'disadvantage' . . . but on whether any such change . . . increases the penalty by which a crime is punishable." Garner, 529 U.S. at 255 (quoting California Dep't of Corrections v. Morales, 514 U.S. at 506-507, n. 3). It is not enough to show "some ambiguous sort of disadvantage" caused by the change in the law. See Morales, 514 U.S. at 501-502; Foster v. Booker, 595 F.3d 353, 362 (6th Cir. 2010)[prisoner could not show that the risk of increased punishment was due to change in the law and not to a change in the way that the parole board legitimately exercised its discretion.]

A prisoner challenging a change in parole regulations as *ex post facto* must show that as applied to his own sentence, the law created a significant risk of increasing his punishment. See Sellmon v. Reilly, 551 F.Supp.2d 66, 84 (D.D.C. 2008)[Petitioner bears the burden of proof]. Here, Petitioner's claim that he would have received more lenient treatment under the 1972 regulations is mere speculation. In fact, another Court in this District has already found that it is not unusual for the D.C. Board to depart from the guidelines. Bailey v. Reilly, No. 06-1787, 2007 WL 840324, at * 7 (D.S.C. Mar. 15, 2007)(citing Ellis, 84 F.3d at 1419 [upholding parole denial based on D.C. Board's finding that the offense involved unusual cruelty to the victim, despite prisoner's total point score which indicated that parole should be granted]; Hall v. Henderson, 672 A.2d 1047, 1055 (D.C. 1996)[upholding the D.C. Board's departure from the guidelines for unusual cruelty to the victim]; McRae, 667 A.2d at 1360-1361 [upholding D.C. Board's departure from the guidelines for repeat



violent offender]; White v. Hyman, 647 A.2d 1175, 1179-1180 (D.C. 1994)[upholding D.C. Board's departure based upon finding that the prisoner's conduct demonstrated contempt for the criminal justice process]).

Further, Prisoners, like the Petitioner, who are eligible under the criteria of 20 C.F.R. § 2.80 (p)(2)[4] receive a parole determination using the parole guidelines in the 1972 regulations of the former District of Columbia Board of Parole. See 20 C.F.R. § 2.80 (p)(1). The 1972 regulations grant open-ended, non-reviewable discretion to the Board of Parole, including the following non-exclusive and non-exhaustive list of factors to consider:

> Factors considered: Among others, the U.S. Parole Commission takes into account some of the following factors in making its determination as to parole:
>
> (i) The offense, noting the nature of the violation, mitigating or aggravating circumstances and the activities and adjustment of the offender following arrest if on bond or in the community under any pre-sentence type arrangement.
>
> (ii) Prior history of criminality, noting the nature and pattern of any prior offenses as they may relate to the current circumstances.
>
> (iii) Personal and social history of the offender, including such factors as his family situation, educational development, socialization, marital history, employment history, use of leisure time and prior military experience, if any.
>
> (iv) Physical and emotional health and/or problems which may have played a role in the individual's socialization process, and efforts made to overcome any such problems.
>
> (v) Institutional experience, including information as to the offender's overall general adjustment, his ability to handle interpersonal relationships, his behavior responses, his planning for himself, setting meaningful goals in areas of academic schooling, vocational education or training, involvements in self-improvement activity and therapy and his utilization of available resources to overcome recognized problems.

---

[4] 20 C.F.R. § 2.80 (p)(2) criteria are: (i) the prisoner committed the offense of conviction on or before March 3, 1985; (ii) the prisoner is not incarcerated as a parole violator; and (iii) the prisoner has not been granted a parole effective date.



> Achievements in accomplishing goals and efforts put forth in any involvements in established programs to overcome problems are carefully evaluated.
>
> (vi) Community resources available to assist the offender with regard to his needs and problems, which will supplement treatment and training programs begun in the institution, and be available to assist the offender to further serve in his efforts to reintegrate himself back into the community and within his family unit as a productive useful individual.

See 28 C.F.R. § 2.80(p)(4), 80 Fed. Reg. 63116 (October 15, 2015), codifying former 9 D.C.R. § 105.1 (1982)[Emphasis Added].

Under this non-mandatory language in the regulation, *which is identical to the regulation in effect when Petitioner committed his offense except it grants authority to the U.S. Parole Commission instead of the District of Columbia Board of Parole*, the Commission is not required to consider every factor listed and is explicitly authorized to consider factors not listed. Therefore, Petitioner has not shown that if the Commission had considered his parole application under the 1972 factors rule, he would have been significantly more likely to be released on parole, as subsection (v) allows the Commission to consider "institutional experience" including "utilization of available resources to overcome recognized problems", or in Petitioner's case, non-utilization of said resources.

The Commission could have likewise found under the 1972 factors above that Petitioner's failure to seek programming to address being a sex offender warranted the denial of parole. Cf. Sellman v. Reilly, 561 F.Supp. 2d 46, 50 (D.D.C. 2008). Therefore, Ground Two should be dismissed.

### III.

Petitioner contends in Ground Three that neither the 1987 guidelines nor the 1972
<mark>11</mark>



regulation permit departure from the guidelines, and that he should have been scheduled for a rehearing in 12 months. However, while under the D.C. regulations parole rehearings after denial of parole are generally conducted on annual basis; see 28 D.C.M.R. § 104.2 ["When the Board denies parole and orders reconsideration for a person serving a maximum sentence of five (5) years or more, reconsideration shall ordinarily occur within twelve (12) months."]; the Commission has the authority to depart from the annual hearing provision and order a rehearing "set off" beyond the ordinary one-year requirement at a time that it deems appropriate. Lumpkin v. United States Parole Comm'n, No. 15-2541, 2016 WL 6069491, at * 3 (D.Md. Oct. 13, 2016)(citing 28 D.C.M.R. § 104.11 ["Notwithstanding any other provision of this section, the Board may order a parole reconsideration date it determines to be appropriate."]); see also White, 647 A.2d at 1179 [upholding Board's authority to deny parole despite a favorable point score, and to order a 5-year set-off based on its determination as to " . . . whether [the prisoner's] release on parole is consistent with public safety."]; Jones, 647 A. 2d at 1117; Hall, 672 A. 2d at 1054 [upholding decisions by the Board to override the annual rehearing guideline].

    In this case, the Commission decided that a hearing outside the normal rehearing schedule was appropriate, finding as follows:

> After consideration of all factors and information presented, a departure from these guidelines is found warranted because you are a more serious risk than indicated by your grid score because the Commission finds you have committed serious negative institutional behavior, including new criminal conduct resulting in multiple convictions. These include two escape convictions and multiple assaults on correctional officers with dangerous weapons. Additionally, you were found in possession of a dangerous weapon as recently as 7/23/2013. Additionally, you have failed to complete Sex Offender Treatment and therefore, the Commission views you as an untreated sex offender. In consideration of these factors, the Commission finds your continued incarceration necessary to protect the community even beyond the ordinary 12 month rehearing guideline.



See Respondent's Exhibit 4 [Court Docket No. 14-4, p. 1].

The Commission's decision to schedule Petitioner's reconsideration hearing beyond the normal one year period was within its discretion under the facts of this case. Clark, 2012 WL 1987158, at * 7 (citing Garner, 529 U.S. at 254-255 [there is no *ex post facto* violation in a policy giving state parole boards the discretion to postpone parole reconsideration]); Jones v. Braxton, 647 A.2d 1116 (D.C.App. 1994)[merits of decision denying parole not judicially reviewable]; Brown-Bey v. Hyman, 649 A.2d 8, 10 (D.C.App. 1994)[length of set-off to rehearing is "merits" decision and not reviewable]. Accordingly, Petitioner has failed to show that he is entitled to relief under Ground Three.

**IV.**

In Ground Four, Petitioner contends that the Commission may not base its parole decision on criminal offenses the sentences for which he has allegedly completed. The relevant rule provides that:

> When multiple sentences are aggregated by the Bureau of Prisons pursuant to 18 U.S.C. 4161 and 4205, such sentences are treated as a single aggregate sentence for the purpose of every action taken by the Commission pursuant to these rules, and the prisoner has a single parole eligibility date as determined by the Bureau of Prisons.

28 C.F.R. § 2.5. See also Good v. Markley, 603 F.2d 973, 977 (D.C. 1979)["[I]t is well settled that it is proper for the U.S. Parole Commission to aggregate consecutive sentences for the purpose of determining parole eligibility."] This provision is also applicable to D.C. Code offenders. 28 C.F.R. § 2.89 [miscellaneous provisions applicable to D.C. Code offenders, including § 2.5]; Gibson, 2016 WL 1460489 at * 3 [applying § 2.5 to D.C. offender].

Although the Petitioner here is serving a variety of sentences, some of which are D.C.

13



Code sentences and some of which are U.S. Code sentences, they are aggregated by the BOP into a sentence of life plus 36 years, with a single parole eligibility date of September 29, 2016. See Exhibit 1, p. 6. See Boone v. Menifee, 387 F.Supp.2d 338, 347 (S.D.N.Y. 2005), report and recommendation adopted, 2005 WL 2234031 (S.D.N.Y. Sept. 13, 2005)["Indeed, the Code of Federal Regulations makes clear that a sentence which has been aggregated by the Bureau of Prisons must be 'treated as a single aggregate sentence for the purpose of *every* action taken by the Commission pursuant to these rules."](quoting 28 C.F.R. § 2.5)(emphasis added)). "Thus, when a prisoner is serving '*any* combination of U.S. and D.C. Code sentences that have been aggregated by the U.S. Bureau of Prisons . . . *every* decision made by the Commission, including the grant, denial, and revocation of parole is made on the basis of the aggregate sentence." Boone, 387 F.Supp. 2d at 347 (quoting 28 C.F.R. § 2.65(a)(emphasis added)); see also Howard v. United States Parole Comm'n, No. 88-1769, 1988 WL 98140 (D.D.C. Aug. 31, 1988)[rejecting petitioner's argument that the federal portion of his aggregate sentence had expired and that his parole status should thus be governed by the District of Columbia Board of Parole; also noting that, "[o]nce aggregated, the two sentences cannot then be divided. Petitioner cannot claim that the first sentence is served first and then expires as the second one begins. They are but a single sentence."]

Accordingly, Petitioner's Ground Four is without merit.

## **Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion be **granted**, and that Petitioner's claim be **dismissed.**



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 18, 2017
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



16