IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Eugene Jerome Cunningham, | Case No 9:16-cv-2847-RMG |
| Petitioner, | |
| v. | ORDER AND OPINION |
| United States Parole Commission and The Warden, FCI Bennettsville, | |
| Respondents. | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 30) recommending that Respondents' motion for summary judgment (Dkt. No. 14) be granted. For the reasons set forth below, this Court adopts the R. & R. as the Order of the Court with the additional reasons outlined below. Respondents' motion for summary judgment is granted.

**I. Background**

Eugene Jerome Cunningham ("Petitioner"), proceeding *pro se*, is currently incarcerated at the Federal Correctional Institution ("FCI") in Bennettsville, South Carolina, serving an aggregate sentence of 45 years to life plus 36 years comprised of both District of Columbia and federal sentences. (Dkt. No. 14-2.) The United States Parole Commission (the "Commission") conducted a parole hearing for Petitioner on February 1, 2016. Since the Commission deemed Petitioner to have completed his federal time, it considered his case under the D.C. parole guidelines. The Commission calculated Petitioner's "grid score" to be +4 points, which under D.C. parole guidelines indicates that parole should be denied. The Commission therefore denied parole on February 1, 2016, and informed Petitioner of the denial by notice of action dated

March 17, 2016. (Dkt. No. 14-4.) Petitioner attempted to appeal the denial, and the Commission construed his appeal as a request to reopen his case because decisions of the Commission are not administratively appealable. His request was denied on August 29, 2016.

On August 15, 2016, Petitioner filed this federal habeas petition under 28 U.S.C. § 2241, raising the following grounds for relief:

> **Ground One**: The Commission abused its discretion by denying Petitioner parole because he did not complete a "sexually dangerous person civil commitment program" and made such a condition a prerequisite at future parole hearings;
>
> **Ground Two**: The Commission's use of the 1987 "point score" guidelines of the D.C. Board of Parole, rather than the 1972 regulation in effect when he committed his crime, violates the *ex post facto* clause of the U.S. Constitution;
>
> **Ground Three:** Neither the 1987 guidelines nor the 1972 regulation permit departure from the guidelines, and that he should have been scheduled for a rehearing in 12 months; and
>
> **Ground Four:** The Commission abused its discretion by relying on the offenses' underlying sentences that he claims he has served in full.

Respondents moved for summary judgment on the entire habeas petition. (Dkt. No. 14.) The Magistrate has recommended that this Court grant the motion for summary judgment. (Dkt. No. 30.)

## II. Legal Standard

### a. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002).

 b. Summary Judgment

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp.*, 477 U.S. at 322-23. Conversely, the non-moving party must demonstrate that there are disputes of material fact that preclude the award of summary judgment as a matter of law. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

 c. *Pro Se* Pleadings

This Court liberally construes *pro se* pleadings, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980) (per curiam). The mandated liberal construction afforded *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct

the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Further, the Court cannot ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**III.    Petitioner's Objections to the R. & R.**

Petitioner has filed objections to the R. & R. in which he generally restates arguments already considered by the Magistrate. (Dkt. No. 32.) For this reason, Petitioner's objections amount to mere disagreement with the Magistrate's legal conclusions. In an abundance of caution, the Court has conducted a *de novo* review of all portions of the R. & R. to which Petitioner has attempted to make a specific objection.

### Ground One

Petitioner contests the Commission's decision to deny him parole due to his failure to complete a sex offender treatment program. In the R. & R., the Magistrate provided sufficient explanation as to why the Commission's decision to deny Petitioner parole due to his failure to complete a sex offender treatment program is permissible. (Dkt. No. 30 at 6-8.) In his Objections to the Magistrate's findings (Dkt. No. 32 at 5-9), Petitioner simply re-asserts his contention that the Commission's decision to deny him parole subjected Petitioner to civil commitment without due process. For the reasons set forth in the R. & R., it is permissible for the Commission to consider Petitioner's failure to complete a sex offender treatment program as evidence of his rehabilitation or lack thereof, and denial of parole for this reason does not amount to civil

commitment. As the Magistrate has ably set forth the relevant legal precedent with regard to Petitioner's Ground One for relief, the Court will not restate the law here.

## Ground Two

Petitioner claims that the Commission's use of the 1987 "point score" guidelines of the D.C. Board of Parole, rather than the 1972 regulation in effect when he committed his crime, violated the *ex post facto* clause of the U.S. Constitution. The Commission's application of the 1987 guidelines was appropriate in this case and does not constitute an *ex post facto* claim.

First, Petitioner is serving an aggregate sentence composed of U.S. federal and D.C. Code sentences, so his parole determination is regulated by 28 C.F.R. § 2.65 ("Paroling policy for prisoners serving aggregate U.S. and D.C. Code sentences"). Under 28 C.F.R. 2.65(e), the Commission is instructed to apply the point score system of the D.C. Board of Parole at hearings for inmates, like Petitioner, who are serving aggregate sentences for U.S. and D.C. Code violations. The point score system of the D.C. Board of Parole referred to in the regulation was not established until the 1987 D.C. guidelines were enacted. *See* D.C. Mun. Regs. tit. 28, § 204.22 (1987). For this reason, the Commission complied with 28 C.F.R. § 2.65 when it applied the point score system of the 1987 guidelines.

Second, even if the Commission had applied the 1987 guidelines inappropriately, Petitioner would not have stated a claim based on the *ex post facto* clause. The *ex post facto* clause of the U.S. Constitution "bar[s] enactments which, by retroactive operation, increase the punishment for a crime after its commission." *Holt v. United States Parole Comm'n*, No. 2:15CV529, 2016 WL 7646366, at *3 (E.D. Va. Nov. 21, 2016). The Commission's decision to apply the 1987 D.C. guidelines in Petitioner's case was not an application of "law," so cannot give rise to an *ex post facto* claim. *Holt* at *4 ("while the Court of Appeals in this circuit has not

squarely addressed the issue, trial courts in this district and a majority of the other circuits have concluded that the U.S.P.C. guidelines are not 'laws' that fall under the purview of the Ex Post Facto Clause.")

Even assuming, *arguendo*, that the Commission should have applied the 1972 regulation, and that the Commission's inappropriate application of the 1987 guidelines could support an *ex post facto* claim, Petitioner has failed to carry his burden of showing that application of the 1987 guidelines to his own sentence created a significant risk of increasing his punishment. (Dkt. No. 30 at 8-11.) Petitioner objected to this finding, arguing that because the focus of the 1972 regulation was rehabilitation, he "would undoubtedly have made parole" if that regulation had been applied at his parole hearing. (Dkt. No. 32 at 10.) As the Magistrate explained, Petitioner's claim that he would have been granted parole under the 1972 regulation is mere speculation because the Commission would have had the discretion to consider his offense history and his institutional experience, including whether he utilized resources – such as sex offender treatment - to overcome recognized problems. *See Wilson v. Fullwood*, 772 F. Supp. 2d 246, 267 (D.D.C. 2011).

### Ground Three

Petitioner challenges the Commission's decision to schedule his next parole hearing outside of the usual one-year timeframe, arguing that under the 1972 regulation he would have received a new parole hearing within one year. Under 28 C.F.R. § 2.65(f), the Commission has the authority to "set a rehearing date beyond the ordinary schedule." In this case, the Commission listed its reasons for scheduling Petitioner's reconsideration hearing outside of the usual one-year period, including his "serious negative institutional behavior" (including two escape convictions) and failure to complete sex offender treatment.

## Ground Four

Petitioner has challenged the Commission's consideration at his parole hearing of offenses for which he alleges he has already served a full sentence. The Magistrate explained in the R. & R. that the Commission may aggregate consecutive sentences for the purpose of determining parole eligibility. (Dkt. No. 30 at 13-14.) In his Objections to the R. & R., Petitioner argues that the Commission should not be allowed to consider offenses for which he has already served the maximum term of imprisonment. This amounts to a mere disagreement with the law, which clearly allows the Commission to consider Petitioner's criminal history and institutional conduct in making its parole determination.

To the extent that Petitioner may be arguing that he is actually eligible for mandatory statutory release because he has served any one sentence in full, he is also incorrect. Petitioner is serving an aggregate life sentence, so he has no statutory mandatory release date. (Dkt. No. 14-2 at 6.) For this reason, the mandatory release provisions that Petitioner relies on in his objections do not apply to him. (Dkt. No. 32 at 12.)

## IV.    Conclusion

For the reasons set forth above, and because there is no genuine dispute of any material fact relevant to whether Petitioner's habeas claims have merit, the Court **ADOPTS** the R. & R. as the order of the Court and **GRANTS** Respondents' motion for summary judgment. (Dkt. No. 14.)

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

May __17__, 2017
Charleston, South Carolina